Filed 4/29/25  In re M.H. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re M.H. et al.,<br><br>Persons Coming Under the Juvenile Court Law. | B338230 consolidated with B340581<br><br>(Los Angeles County Super. Ct. No. 24CCJP00700) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>A.W.,<br><br>      Defendant and Appellant. | |

APPEALS from orders of the Superior Court of Los Angeles County, Natalie Nardecchia, Judge.  Affirmed.

James W. Tritt, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Sarah Vesecky, Senior Deputy County Counsel, for Plaintiff and Respondent.

———————————

We decide this matter by memorandum disposition. (Cal. Stds. Jud. Admin., § 8.1.) We recite only those facts necessary to explain our disposition.

**FACTUAL AND PROCEDURAL BACKGROUND**

A.W. (Mother) and B.H. (Father) have three children: M.H. (born 2010), V.H. (born 2015), and L.H. (born 2020). The children were the subject of numerous child welfare referrals between August 2016 and July 2023 in Los Angeles, Orange, and Riverside counties.

In April 2023, the Orange County superior court issued a family law order for the parents to share joint legal and physical custody of the children; the specified custodial timeshare was 50-50. Later statements from Mother, Father, and the children indicated the parties did not strictly adhere to that order; M.H. lived primarily with Father and the two younger children lived with Mother but spent custodial time with Father approximately one day a week.

On February 23, 2024, the Los Angeles County Department of Children and Family Services (DCFS) received a referral concerning Mother. On February 29, 2024, DCFS obtained a removal order and detained all three children. On March 4, 2024, DCFS filed a petition pursuant to Welfare and Institutions

2

Code[1] section 300.  The petition was later amended by interlineation to allege Mother's history of emotional problems (for which she was previously hospitalized) rendered her unable to provide regular care for the children, that Mother created a detrimental and endangering situation by leaving V.H. alone on a balcony outside her home, that Mother inappropriately physically disciplined V.H. on two occasions causing V.H. unreasonable pain and suffering, and that Mother's actions towards V.H. posed substantial risk of harm to the other two children.  In the amended petition, Father was nonoffending, and he is not a party to this appeal.

At a hearing on March 18, 2024, the juvenile court detained all three children from Mother, released them to Father, and ordered monitored visitation for Mother.  On May 7, 2024, Mother pleaded no contest to the petition as amended by interlineation and the court sustained the amended petition.

The juvenile court conducted a disposition hearing on May 15, 2024.  Mother did not appear, but her counsel was present.  Minors' counsel requested the court close the case with an exit order awarding the parents joint legal custody, Father sole physical custody, and Mother monitored visits.  Minors' counsel further requested the court refer the parents to mediation to resolve details concerning the visitation schedule and proposed monitors.  Counsel for Father and DCFS joined in this request.

Mother's counsel asked the court to maintain dependency jurisdiction.  If the court was not inclined to maintain

---

[1] Unspecified statutory references are to the Welfare and Institutions Code.

jurisdiction, Mother's counsel asked the court to order the parents to mediation for the same reasons expressed by minors' counsel. As a final alternative, in the event the court did terminate jurisdiction and did not order mediation, Mother's counsel requested the court "use its powers under . . . section 352 for a short continuance so that [DCFS] could provide a report" regarding monitoring alternatives "or do both mediation and request [such a] follow-up report."

The court found dependency jurisdiction no longer warranted and terminated it. The court stayed that order pending (1) the receipt of a custody order granting joint legal custody and sole physical custody to Father, and (2) the parents' attendance at mediation to work out the details of Mother's visitation.

The parties attended a mediation on July 9, 2024, and reached an agreement. On July 15, 2024, the juvenile court issued exit orders as to all three children awarding joint legal custody (including mediated provisions about both parties' exercise of that legal custody), sole physical custody to Father, and monitored visits to Mother (including mediated provisions about the sharing of holidays, communication between the parents, monitors, and other topics); it also terminated jurisdiction over the children.

## DISCUSSION

Mother claims the juvenile court committed two errors. She first asserts the court abused its discretion by terminating dependency jurisdiction instead of continuing the case pursuant to section 352. She also claims the juvenile court erred by failing to adhere to section 361.2 when terminating jurisdiction.

4

## A.    The Juvenile Court Did Not Err in Denying a Continuance Pursuant to Section 352

"Continuances are expressly discouraged" in dependency proceedings "so that the child is not kept 'in limbo' any longer than necessary." (*In re Emily L.* (1989) 212 Cal.App.3d 734, 743.) As relevant here, section 352 provides that a juvenile court may continue a hearing at a parent's request only if such a continuance is not contrary to the interest of the minor, and "only upon a showing of good cause and only for that period of time shown to be necessary." (§ 352, subd. (a)(1)-(2).)  Additionally, written notice along with supporting documentation must be filed and served on all parties at least two court days before the hearing sought to be continued unless the court finds good cause for hearing an oral motion. (*Id.*, subd. (a)(3); Cal. Rules of Court, rule 5.550(a)(4).)

Putting aside the requested continuance's potential untimeliness as it was not made two days in advance and no good cause was articulated for it being raised at the hearing itself, the fundamental problem with Mother's claim is that she cannot assert error when she got what she asked for.  Mother's counsel requested a continuance pursuant to section 352 only if the court was "not inclined to order mediation."[2]  The court *did* order

_____

[2] In her reply brief, Mother attempts to reframe her continuance request by arguing her section 352 request related more generally to "keep[ing] the case open."  That is not accurate.  Mother's request at the disposition hearing for the court to maintain jurisdiction did not involve a continuance.  She argued the court should find then and there that dependency jurisdiction should continue, not that the court should defer that decision to a later, continued hearing.

5

mediation—the parties attended it, reached an agreement, and had their agreed-upon provisions included in the exit order. Mother cannot claim the court abused its discretion when it ordered the very thing she asked for in lieu of a continuance. (*In re Jamie R.* (2001) 90 Cal.App.4th 766, 772 [when a juvenile court follows the suggestion of parent's counsel, the parent is estopped from claiming that the court erred in following that request].)

## B. The Juvenile Court Properly Terminated Jurisdiction

Mother argues the juvenile court erred by following only section 364 when terminating jurisdiction instead of also conducting an analysis pursuant to section 361.2. DCFS contends that Mother forfeited this objection because she did not claim before the juvenile court that section 361.2 governed and thus deprived the court of the opportunity to address that claim in the first instance. We need not address whether forfeiture occurred, because the court did not err regardless.

Section 364 requires the juvenile court to determine whether continued supervision is necessary, and to "terminate its jurisdiction unless the social worker or his or her department establishes by a preponderance of evidence that the conditions still exist which would justify initial assumption of jurisdiction under [s]ection 300, or that those conditions are likely to exist if supervision is withdrawn." (§ 364, subd. (c).) The court complied with this statutory language by finding on the record "that [the] conditions which would justify the initial assumption of jurisdiction under . . . section 300 no longer exist and are not likely to exist if supervision is withdrawn. The court does find that continued supervision of the children is no longer necessary,

6

and the court is terminating jurisdiction." The record contains substantial evidence supporting these findings, and Mother does not claim otherwise.

Section 361.2 requires additional findings where the juvenile court is considering placement of a minor with a parent "who desires to assume custody" and "with whom the child was not residing at the time that the events or conditions arose that brought the child within the provisions of [s]ection 300." (§ 361.2, subd. (a).) It further provides a menu of options if the court does so place the child. (*Id.*, subds. (b) & (c).)

Section 361.2 did not apply to Father as he was a custodial parent. Father was not a parent seeking "to assume custody" as that term is used in section 361.2—he already had it. " ' "[C]ustody" ' as used in section 361.2 refers to the parent's 'right to make decisions pertaining to the child' and to have 'legal possession of the child' " (*In re Noe F.* (2013) 213 Cal.App.4th 358, 368), which Father had by virtue of an April 2023 family court order issued before the dependency proceedings began. Further, substantial evidence demonstrates the children spent meaningful custodial time with Father at the time of the events giving rise to dependency jurisdiction, such that they resided with him as that term is used in section 361.2. Additionally, the children were in Father's exclusive custody during the pendency of the dependency proceedings. Section 361.2 therefore did not apply to the court's decision to terminate jurisdiction.

## DISPOSITION

The juvenile court's orders are affirmed.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:



ROTHSCHILD, P. J.



BENDIX, J.